VINCENZO D'ALISE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VINCENZO AND TERESA D'ALISE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44419, 44474. Promulgated January 22, 1954.

*Vincenzo D'Alise*, pro se.
*Paul J. Henry*, *Esq.*, for the respondent.

OPINION.

Murdock, *Judge:* Vincenzo has not had the benefit of much education. He was not represented by counsel. He stated that he was a bootlegger during prohibition, and thereafter, at least during the taxable years, operated a numbers game. He admits he had accumulated prior to December 31, 1950, about $25,000, mainly by law violations. The Commissioner, in attempting to sustain his burden of proof on the fraud issue, does not rely upon the testimony of Vincenzo before this Court. He relies, instead, solely upon a 15-page document containing mimeographed questions which were put to Vincenzo by a revenue agent in an interview on April 15, 1952, and the words written into the document by a revenue agent to represent Vincenzo's answers to the questions. Vincenzo signed the document at the end of the interview, but the questions with the answers written into the document were not read to him or by him at that time. The questions in the document relied upon by the Commissioner repeatedly but erroneously show December 31, 1945, as the beginning of the taxable period, and from the answers to such questions written into the document the revenue agent computed an amount to represent the net worth of Vincenzo as of December 31, 1946, the beginning of the taxable period. He computed Vincenzo's net worth as of December 31, 1950, from other answers written into the document. No effort was made to find out what his net worth was as of any date between December 31, 1945, and December 31, 1950. The agent subtracted the net worth figure for the earlier date from the figure for the later date, and by some undisclosed but arbitrary method spread the difference over the period from December 31, 1946, through December 31, 1950. Estimated living expenses of the petitioners for each year were then added to the supposed annual increase in net worth to arrive at the annual income used by the Commissioner in determining the deficiencies and the additions for fraud.

Vincenzo testified before this Court that he had about $15,000 in cash at all times during the taxable years, and that throughout his interview with the revenue agents he repeatedly told them that he had about $15,000 in cash at all times during the taxable years. Yet, only $7,500 of cash is shown in the net worth statement as computed by the revenue agent for December 31, 1946. $15,500 of cash is shown on the December 31, 1950, computation and the difference is the principal amount spread by the Commissioner as additional income of the taxable years.

The determination of fraud penalties on such procedure as was used in this case is inexcusable. Vincenzo kept a book for each year in which he showed receipts and disbursements of the operations of his numbers game for that year, and the income shown on his returns

corresponds to the income disclosed by those books. The evidence in this case shows that he had no greater income than that reported on his returns.

*Decisions will be entered for the petitioners.*